UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
    :
**MURAH JN BAPTISTE**,   :
    :
                Plaintiff,   :
    :  **ORDER**
   – against –   :
    :  24-CV-3032 (AMD) (LB)
    :
**ALSTOM** and **MV TRANSPORTATION**,   :
    :
                Defendants.   :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On April 19, 2024, the *pro se* plaintiff filed this action against Alstom and MV Transportation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). (ECF No. 1.) The plaintiff also filed an application to proceed *in forma pauperis*. (ECF No. 2.)

The plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order. For the following reasons, the complaint is dismissed without prejudice with leave to file an amended complaint within 30 days after the entry of this Order.

## BACKGROUND

The plaintiff's complaint is a downloadable form from the Eastern District of New York titled "Employment Discrimination Complaint." (*See* ECF No. 1.) He also attached exhibits, including a "Notice of Right to Sue" letter from the Equal Employment Opportunity Commission ("EEOC") and charges he submitted to the EEOC and the New York State Division

1

of Human Rights.[1]  (*Id.*)  The plaintiff checked boxes on the form complaint for termination of employment, unequal terms and conditions of employment, and retaliation.  (*Id.* at 4–5.)  He also checked boxes for discrimination based on race, color, and national origin.  (*Id*. at 5.)

In the plaintiff's "Statement of Claim" section, he alleges that MV Transportation terminated his employment on March 9, 2021 because he "defend[ed] [his] right for fraud they do in [his] employment, violate [his] right, they didn't pay [him] [his] benefits; vacation, sick day."  (*Id*. at 11.)  The plaintiff further alleges that MV Transportation "abuse[d] [him] in [his] New York State driver license ID registration" and "in [his] IRS federal tax return."  (*Id*.)  He states that MV Transportation retaliated against him in connection with his job applications and job interviews, which led to more than 12 companies terminating his employment unlawfully.  (*Id*.)  The plaintiff alleges that Alstom, which operates the "AirTrain" transportation system at John F. Kennedy International Airport, withheld company benefits and discriminated against him during his training.  (*E.g., id.* at 12 ("[T]he trainer told me I have to come to training overnight for me only because I am black. [A]ll other employees [who are] white stay in the daytime training[.] I feel like that's discrimination.").)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir.

---

[1] The plaintiff subsequently submitted 122 pages of exhibits, including documents relating to the Internal Revenue Service, New York State Unemployment Insurance, and Department of Motor Vehicle.  (ECF No. 4.)  Thereafter, he submitted an additional 62 pages of exhibits.  (ECF No 5.)

2011). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8 of the Federal Rules of Civil Procedure requires the plaintiff to provide a short, plain statement of his claim against each defendant named so that they have adequate notice of the claims against them. *See id.* at 677–78. A pleading that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557). To satisfy this standard, a complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (citation omitted). "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Chapman v. U.S. Dep't of Justice*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Although a *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007),[2] a district court must dismiss an *in forma pauperis* action if the complaint "is frivolous," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," *see* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Further, "[w]hile *pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Hassan v. U.S. Dep't of Veteran Affairs*, 137 F. App'x 418, 420 (2d Cir. 2005) (citation omitted).

---

[2] *See also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally").

**DISCUSSION**

The complaint does not allege a cognizable violation of federal or state employment law. The plaintiff does not include sufficient facts for the Court to discern when he worked for Alstom, or what either named defendant did or failed to do. Additionally, in the "Relief" section of the complaint, the plaintiff states that he has suffered from "discrimination, fraud, abuse, and persecution in employment, [and] retaliation." (ECF. No. 1 at 6.) However, the plaintiff does not state any damages or relief that he is seeking from the Court. Indeed, the plaintiff's allegations are insufficient "to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay*, 230 F.3d at 541.

Accordingly, the complaint is deficient under Rule 8 and 28 U.S.C. § 1915 and must be dismissed. *See, e.g.*, *Williams v. Amazon*, No. 24-CV-2733, 2024 U.S. Dist. LEXIS 72036, at *4 (E.D.N.Y. Apr. 19, 2024); *Hodge v. N.Y. Unemployment*, No. 24-CV-1631, 2024 U.S. Dist. LEXIS 64026, at *2–3 (E.D.N.Y. Apr. 8, 2024).

**LEAVE TO AMEND**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants the plaintiff 30 days to file an amended complaint. However, if the plaintiff decides to file an amended complaint, he must provide enough facts to support a cognizable violation of the employment laws. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).  To establish a Title VII claim, the plaintiff must demonstrate that he has exhausted all administrative remedies and show that he is a member of a protected class, was qualified for the position, and suffered an adverse employment action under circumstances giving rise to an inference of discrimination.  *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010).  The plaintiff must also allege facts that "provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'"  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84–85 (2d Cir. 2015) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

Although the plaintiff may attach exhibits to support his amended complaint, he must allege in the complaint enough facts to satisfy Rule 8(a) of the Federal Rules of Civil Procedure — he may not rely on exhibits to take the place of a statement of claim.  *See, e.g., Irons v. U.S. Gov't*, No. 21-CV-4683, 2021 U.S. Dist. LEXIS 184635, at *3 (E.D.N.Y. Sept. 27, 2021) ("Neither the court nor defendants should have to parse through the complaint or attached exhibits to ascertain the factual basis for plaintiff's claims.").  The amended complaint must also include all relevant dates, including the dates that he was employed by each named defendant, as well as a short, plain statement of facts sufficient to support a plausible claim that each named defendant discriminated against him in violation of Title VII.  The plaintiff should attach all relevant documentation from the EEOC and the New York State Division of Human Rights that bear on whether the plaintiff exhausted his administrative remedies.  The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order: 24-CV-3032 (AMD) (LB).  The amended complaint will replace the original complaint in its

5

entirety; in other words, the amended complaint must stand on its own without reference to the original complaint.

      The Court may close the case after 30 days if the plaintiff does not file an amended complaint or otherwise show good cause for an extension of time.  The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, for free, confidential, limited-scope legal assistance.

## CONCLUSION

Accordingly, the complaint is dismissed with leave to amend within 30 days. All further proceedings are stayed for 30 days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       May 28, 2024